UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEVI HOLDING, LLC,
doing business as Nino's Bakery,

    Plaintiff,

v.                             Case No: 2:18-cv-361-FtM-99CM

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Abate Pending Completion of Appraisal (Doc. #3) filed on May 23, 2018. Plaintiff filed a Response in Opposition (Doc. #7) on June 7, 2018, and defendant filed a Reply (Doc. #12) on June 21, 2018. For the reasons set forth below, the Motion is granted in part.

**I.**

Plaintiff Levi Holding, LLC d/b/a Nino's Bakery ("Insured") originally filed this action on April 23, 2018 in state court before defendant Scottsdale Insurance Company's ("Scottsdale") removal on May 23, 2018. (Doc. #1.) Plaintiff alleges one count for breach of contract with respect to a business owner's insurance policy, Policy No. CPS26199399, issued by Scottsdale (Doc. #2-1, the "Policy"). Scottsdale filed the Motion to compel appraisal (Doc. #3) the same day it removed the case.

On or about September 10, 2017, plaintiff discovered property damage due to Hurricane Irma on its building in Punta Gorda, Florida, which was insured by Scottsdale. (Doc. #2, ¶¶ 6-7.) Plaintiff submitted a claim to Scottsdale for property damage. (Id., ¶ 8.) Scottsdale accepted coverage for wind and water damage caused by Hurricane Irma, but the parties dispute the valuation of the covered damages. Scottsdale denies coverage for food spoilage, stating it is excluded under the Policy, and plaintiff believes that it is entitled to the full cost of repair of the damage to the property, including food spoilage. (Id., ¶¶ 9, 16; Doc. #3, p. 2.) By failing to pay the benefits for a covered cause of loss, plaintiff claims defendant breached the Policy, causing damages. (Doc. #2, ¶ 14.)

On April 25, 2018 (the day it was served with the Complaint), Scottsdale invoked appraisal to resolve the dispute regarding the amount of loss. (Doc. #3-1). Scottsdale believes that it is entitled to appraisal because it invoked its right to appraisal listed under the "Loss Conditions" of the Policy and under Florida law[1] an appraiser may determine the value of the loss so the parties can then allow the Court to resolve the coverage issues. (Doc. #3, p. 2-4.) The Policy's appraisal clause states:

**E. Loss Conditions**

. . .

---

[1] In this diversity case, the Court applies Florida substantive law.

**2. Appraisal**

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will
>
> a. Pay its chosen appraiser;
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Doc. #1-1, p. 35).

Plaintiff objects to an appraisal, arguing that because Scottsdale is in material breach of the Policy for its failure to pay the full amount of the loss, Scottsdale has waived its right to appraisal. (Doc. #7, ¶ 5.) Plaintiff also argues that defendant waived its right to appraisal by failing to invoke the option for nine months. (Id., ¶¶ 6, 16.)

**II.**

**A. Appraisal Right**

Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question. Gonzalez v. Am.

Sec. Ins. Co., No: 8:15-cv-1515-36EAJ, 2015 WL 12852303, at *4 (M.D. Fla. Nov. 10, 2015) (citations omitted). However, when an insurer acknowledges that there is a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal. Id. (citations omitted); Freeman v. American Integrity Ins. Co. of Florida, 180 So. 3d 1203, 1208 (Fla. 1st DCA 2015). "Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs." Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (emphasis in original). Thus, the question of what repairs are needed to restore a property is a question relating to the amount of loss and not coverage.

Scottsdale has stated that damages caused by Hurricane Irma are covered but disputes the amount of damage. On the other hand, the Insured believes that the damage caused by Hurricane Irma is much more extensive. Thus, because there is no dispute between the parties that the cause of at least some of the damage to the Property is covered under the Policy, the remaining dispute concerning the scope of the damage is not exclusively a judicial decision and may be appropriate for appraisal.

**B. Waiver**

Plaintiff nonetheless contends that Scottsdale waived its right to an appraisal when it breached the contract and failed to invoke appraisal for nine months.

A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." Fla. Ins. Guar. Ass'n v. Rodriguez, 153 So. 3d 301, 303 (Fla. 5th DCA 2014) (citing Fla. Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 493 (Fla. 5th DCA 2014)). "[T]he primary focus is whether [the insureds] acted inconsistently with their appraisal rights." Id.

On the facts of this case the Court does not find waiver. First, plaintiff provides the Court with no legal authority to support its argument that an alleged breach by an insurer of the terms of the Policy is a basis for wavier of an appraisal right. Nor has plaintiff provided the Court with any specific facts or Policy terms and conditions that Scottsdale breached which would impair its right to an appraisal under the Policy. Because Scottsdale clearly disputes that it breached the terms of the Policy and plaintiff does not argue that the Policy contains any conditions precedent that are a prerequisite to demanding appraisal, plaintiff's first argument in support of waiver fails.

Second, the nine-month delay in this case does not constitute a waiver. The appraisal clause does not require invocation prior

to suit and Scottsdale invoked the appraisal clause on April 25, 2018, the day is was served with the Complaint in this case (Doc. #1, ¶ 2), and then filed its Motion to compel appraisal the same day it removed the case.  See, e.g., Am. Capital Assur. Corp. v. Courtney Meadows Apartment, L.L.P., 36 So. 3d 704, 707 (Fla. 1st DCA 2010) (indicating appraisal demand was timely as policy did not contain any language to invoke appraisal within set time from receiving or waiving sworn proof of loss); Fla. Ins. Guar. Ass'n v. Castilla, 18 So. 3d 703, 703-05 (Fla. 4th DCA 2009); (explaining appraisal clause may be invoked for first time after litigation has commenced and concluding that party did not act inconsistently with right to appraisal by participating in suit); Gonzalez v. State Farm Fire and Cas. Co., 805 So. 2d 814, 818 (Fla. 3d DCA 2000) (finding no waiver where motion to compel appraisal was made within thirty days of filing the lawsuit).  Cf. Shoma Dev. Corp. v. Rodriguez, 730 So. 2d 838 (Fla. 3d DCA 1999) (finding waiver where parties had engaged in litigation and discovery for seven months before invoking the arbitration clause).  Moreover, Scottsdale has not extensively litigated this case, and has not yet filed an answer to the Complaint.

Appraisal is appropriate here given that Scottsdale has admitted that at least some of the loss is covered by the Policy but disputes the amount of its liability.  "'[W]hen the insurer admits that there is a covered loss, any dispute on the amount of

loss suffered is appropriate for appraisal.'" Fla. Ins. Guar. Ass'n v. Lustre, Case No. 2D13-5780, 2015 WL 1874445 (Fla. 2d DCA Apr. 24, 2015) (quoting Cincinnati Insurance Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140 (Fla. 2d DCA 2014)). Accordingly, the appraisal requested by Scottsdale is both mandated by the Policy and appropriate under the facts of the case. The case will be stayed while the appraisal is obtained.

**C. Memorandum of Appraisal**

Scottsdale requests that the Court compel appraisal in accordance with the "Memorandum of Appraisal" attached to its Motion as Exhibit B. (Doc. #3-2.) Although plaintiff filed a Response (Doc. #7), it stated no position as to Scottsdale's request. The Memorandum of Appraisal sets forth the appraisal procedures and states that Scottsdale has chosen Sanford Siegel as its appraiser. The Court has no objection to the parties using the form of the Memorandum of Appraisal (Doc. #3-2), but will allow the parties to come to an agreement on their own as to the form rather than compel the parties to use the Memorandum as set forth in Exhibit B.[2]

---

[2] Scottsdale also requests that the Court strike certain allegations made in plaintiff's Response (Doc. #7) as unsupported and scandalous pursuant to Fed. R. Civ. P. 12(f). Because the statements relate to the parties' disagreement as to how the claim was handled the Court declines to strike the statements.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Abate Pending Completion of Appraisal (Doc. #3) is **GRANTED in part.** The Motion is **granted** to the extent that the Court compels appraisal and will stay this case. The parties shall cooperate in expeditiously obtaining an appraisal in the manner proscribed by the appraisal clause of the subject insurance policy, and this case is **STAYED** pending further notification by the parties that the stay is due to be lifted.

2. The Motion is **denied** to the extent defendant requests that the Court enter the Memorandum of Appraisal (Doc. #3-2).

3. The parties shall file a status report on or before **October 23, 2018** if the appraisal is not complete or a notification has not been filed by this date.

4. The Clerk shall terminate all deadlines, administratively close this case, and add a stay flag to the docket.

**DONE and ORDERED** at Fort Myers, Florida, this ___25th___ day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record